THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, v. MANUEL GONZÁLEZ, Defendant and Appellant.

No. 5922. Argued January 29, 1936.—Decided January 31, 1936.

*E. Martínez Avilés* for appellant. *Luis Janer, Assistant Prosecuting Attorney,* for appellee.

Mr. Chief Justice Del Toro delivered the opinion of the court.

On March 13, 1935, the District Attorney of Arecibo filed, in the district court, an information against Manuel González, charging him with a subsequent offense of manslaughter consisting in having killed Ramón Antonio Medina on January 28, 1935, with malice aforethought, after having been previously convicted of manslaughter on November 15, 1928.

González was tried and convicted by a jury, and the court, stating in its judgment that the defendant admitted the district attorney's allegation to the effect that on a prior date he had been convicted of manslaughter, sentenced him to twelve years' imprisonment in the penitentiary. Feeling aggrieved by that judgment, he appealed to this court. In his brief, after transcribing the information, he confines himself to the following statements:

"That the District Attorney of Arecibo, P. R., well knowing that the death of Ramón Antonio Medina occurred during a fight with the defendant and other persons, characterized the offense as murder in the first degree.

"That the defendant believes that he acted in self-defense in wounding the deceased, Ramón Medina, but concedes that as he could not prove this to the jury, the latter rendered a verdict of voluntary manslaughter; which proves what I have previously stated, that is, that the district attorney, for the purpose of securing his conviction, characterized the crime as murder instead of what it really was.

"That, moreover, the district attorney, in alleging my prior conviction of voluntary manslaughter, stated that the same had been obtained on an information for murder in the first degree, with the same purpose of influencing the minds of the judge and of the jury concerning his guilt.

"That the law fixes ten years as the maximum penalty for such cases, and therefore the defendant believes that the Hon. District Attorney and the Hon. Judge of this court acted unjustly in the prosecution of the case and in the imposition of the penalty, and respectfully prays that this Hon. Court reduce the same."

The transcript merely contains the information, the verdict, the judgment, and the notice of appeal. There is no basis, therefore, for considering or deciding the questions raised by the appellant in regard to the conduct of the district attorney. As to the sentence imposed, although it is true that the maximum penalty fixed by law for the crime of manslaughter is ten years' imprisonment in the penitentiary, it is also true that section 56 of the Penal Code provides that a person who, having been convicted of any offense punishable by imprisonment in the penitentiary, commits any crime after such conviction, if the offense of which such person is subsequently convicted is such that, upon a first conviction, an offender would be punishable by imprisonment in the penitentiary, for any term exceeding five years, such person is punishable by imprisonment in the penitentiary not less than ten years. Inasmuch as in the instant case González had already been convicted of a crime of manslaughter, punishable by imprisonment in the penitentiary at the time he committed the subsequent crime of manslaughter, which upon a first conviction would be punishable by imprisonment in the penitentiary for any term exceeding five years, the proper penalty to be imposed was a term of not less than ten years. The court sentenced him to twelve years and in doing so it acted within the powers granted to it by law.

The judgment appealed from must be affirmed.